# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 05-cv-01684-REB-PAC

CAROLINE J. MORRISON,

        Applicant,

v.

DOUGLAS MAURER, Filed Director, Immigration and Customs Enforcement, DHS,
DEPARTMENT OF HOMELAND SECURITY, and
TWO UNNAMED ICE AGENTS,

        Respondents.

## ORDER GRANTING APPLICANT'S MOTION FOR
## TEMPORARY RESTRAINING ORDER

**Blackburn, J**

    This matter is before me on the plaintiff's Emergency Motion for Temporary Restraining Order [#2], filed August 31, 2005.  I grant the motion.

    This case was initiated by the applicant's filing of an application for writ of habeas corpus under 28 U.S.C. § 2241.  The applicant has indicated that the respondents have been notified of the motion's filing, but the respondents have not had an opportunity to file a response.  I have carefully reviewed the plaintiffs' motion, and I find that a hearing is not necessary at this time.

    The applicant alleges that she is a citizen of the United Kingdom.  She says she entered this country lawfully in September, 2001, and was authorized to remain in the country for 90 days.  She did not depart the country before those 90 days had elapsed. She describes in her application a variety of subsequent events that she alleges are

relevant to her current status, including a pending application for adjustment of status. This application, she says, could result in a grant of permission to remain in this country as a permanent resident.  The applicant alleges that the procedures used by the respondents in her case violate her constitutional and statutory rights.

The applicant is in the custody of the respondents.  She alleges that she is subject to removal from the country at any time.  Further, she alleges that if she is removed, she will lose the ability to pursue her application for adjustment of status without any effective recourse or alternative.  In essence, she alleges that, under applicable law, removal will deprive her of the ability to apply for admission to this country for at least ten years.

## JURISDICTION

Subject to further review after the respondents have had the opportunity to file a response, I find that I have putative federal question jurisdiction over this case under 28 U.S.C. § 1331.

## TEMPORARY RESTRAINING ORDER

A temporary restraining order is extraordinary relief.  A party seeking a temporary restraining order must show as follows:

1. a substantial likelihood that the movant eventually will prevail on the merits;

2. that the movant will suffer immediate and irreparable injury unless the injunction issues;

3. that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and

2

    4.    that the temporary restraining order, if issued, would not be adverse to the public interest.

***Lundgrin v. Claytor***, 619 F.2d 61, 63 (10th Cir. 1980); Fed. R. Civ. P. 65.

Having carefully reviewed the plaintiff's motion, I find that the four factors apposite to a temporary restraining order analysis weigh more heavily in favor of the plaintiff. Plaintiff, therefore, is entitled to the temporary restraining order she seeks. Assuming the allegations in the application and motion to be true, I find that removal of the applicant from this country is likely to cause her irreparable injury because her removal likely would eliminate her ability to pursue her application for adjustment of status. I further find that the motion for temporary restraining order must be granted without awaiting formal notice to and a response from the respondents because the applicant has alleged that she is subject to removal from this country in the immediate future.

### ORDERS

**THEREFORE IT IS ORDERED** as follows:

1. That the plaintiffs' Motion for Temporary Restraining Order [#2], filed August 31, 2005, is **GRANTED**;

2. That effective forthwith the respondents and their officers, agents, servants, employees, attorneys, and any and all persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, **ARE ENJOINED AND RESTRAINED** from removing the applicant, Caroline J. Morrison, from this country and from the jurisdiction of this court;

3. That this Temporary Restraining Order **SHALL EXPIRE** on **September 15, 2005, at 3:00 p.m., mountain daylight time**, unless sooner modified, dissolved, or withdrawn; and

4. That the respondents may file a response to the motion for temporary restraining order on or before 5:00 p.m., **Friday, September 9, 2005.**

Dated at Denver Colorado, August 31, 2005, at 4:120 p.m., mountain daylight time.

**BY THE COURT:**


**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**