**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-01684-REB-PAC

CAROLINE J. MORRISON,

        Applicant,

v.

DOUGLAS MAURER, Filed Director, Immigration and Customs Enforcement, DHS,
DEPARTMENT OF HOMELAND SECURITY, and
TWO UNNAMED ICE AGENTS,

        Respondents.

**ORDER CONCERNING RESPONDENTS' MOTION TO DISMISS
AND VACATING TEMPORARY RESTRAINING ORDER**

**Blackburn, J**

        This matter is before me on the following filings: 1) respondents' Amended Motion to Dismiss Petition for Writ of Habeas Corpus [#11], filed September 12, 2005; and 2) my Order Granting Applicant's Motion for Temporary Restraining Order [#4], filed August 31, 2005. I conclude that the motion to dismiss should be granted to the extent the petitioner seeks review of the order of removal that has been issued against her, including relief that affects the order of removal. I conclude also that the temporary restraining order entered in this case constitutes relief available only via judicial review of the order of removal. Because I conclude that I do not have jurisdiction to grant such relief, the temporary restraining order must be vacated.

        This case was initiated when the petitioner, Caroline Morrison, filed an petition for writ of habeas corpus under 28 U.S.C. § 2241. Morrison alleges that she is a

citizen of the United Kingdom. She avers she entered this country lawfully in September, 2001, and was authorized to remain in the country for 90 days. She did not depart the country within 90 days as required. She describes in her petition a variety of subsequent events that she alleges are relevant to her current status, including a pending application for adjustment of status. This application, she contends, could result in a grant of permission to remain in this country as a permanent resident. Morrison was arrested by an agent of the Bureau of Immigration and Customs Enforcement (BICE) on March 3, 2005, after an investigation of her immigration status. On the same day, BICE issued an Order of Removal to Morrison. She has been in the custody of BICE since March 3, 2005.

Morrison alleges that BICE may execute the order of removal, and remove Morrison from the United States at any time. Further, she alleges that if she is removed, she will lose the ability to pursue her application for adjustment of status without any effective recourse or alternative. According to Morrison, her removal also would deprive her of the ability to apply for admission to this country for at least ten years.

Morrison alleges that the procedures used by the respondents violate her constitutional and statutory rights. She asserts a variety of claims. She argues that her arrest and detention by BICE was unlawful, and that BICE agents violated certain provisions of the Violence Against Women Act when investigating her immigration status. 8 U.S.C. § 1367. She seeks the imposition of fines and disciplinary action against the BICE agents who allegedly violated the statute. Morrison asks the court to compel adjudication of her application for adjustment of status, and to conclude that

she has a right to remain in the United States while that application is adjudicated. She asserts also claims for violation of her rights to equal protection of the law, and due process of law.

In her prayer for relief, she asks the court to "(1) Review the circumstances and nature of Petitioner's arrest and detention and prohibit Respondents from taking any further action based thereupon; (2) Enjoin Defendants from removing Petitioner from the jurisdiction of the Court; [and] (3) Order Petitioner released from custody under such safeguards as the Court deems appropriate . . . ." *Verified Petition for Writ of Habeas Corpus* [#1], filed August 31, 2005, p. 13.  In her Emergency Motion for Temporary Restraining Order, Morrison asked the court to prohibit the respondents from removing her from the jurisdiction, pending consideration of her petition. *Emergency Motion for Temporary Restraining Order* [# 2], filed August 31, 2005, p. 4. On August 31, 2005, I entered an order [#4] granting Morrison's Emergency Motion for Temporary Restraining Order.  By that order, the respondents were enjoined and restrained from removing the petitioner, Caroline J. Morrison, from this country and from the jurisdiction of this court.  The parties have agreed to abide by that order until midnight today, September 19, 2005.  In their motion to dismiss, the respondents argue that this court does not have jurisdiction to review the order of removal pending against Morrison, and, thus, does not have jurisdiction to grant relief that affects the validity or execution of the removal order.

**JURISDICTION**

8 U.S.C. § 1252(a)(5) provides:

(5) Exclusive means of review

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

The respondents argue that this statute divests this court of jurisdiction to review the order of removal, including granting any relief that stays, modifies, or otherwise limits the order of removal. Morrison argues that this statute does not divest this court of jurisdiction over her claims because she is not challenging the order of removal in any of her claims. Rather, she says she is challenging only her arrest, her detention, and the respondent's allegedly improper refusal to adjudicate her pending petition for adjustment of status. Morrison argues that the court has jurisdiction over these claims, and jurisdiction to enjoin the execution of the removal order pending adjudication of claims that would be adversely affected by the execution of the removal order.

I conclude that, no matter how Morrison's claims are described, some of the relief she seeks amounts to judicial review of the removal order pending against Morrison. Most notably, Morrison seeks an order from this court enjoining execution of the removal order. Such an order would be, in essence, a judicial conclusion that

4

the removal order and its execution are not proper at this time. Under § 1252(a)(5), I do not have jurisdiction to engage in such a review or to grant such relief. Section 1252(a)(5) is clarion on this point. Morrison's petition should be dismissed for lack of jurisdiction to the extent she seeks review of the removal order, or any form of relief that affects the validity or execution of the removal order.

Further, the court's temporary restraining order, which prohibits the respondents from removing Morrison from this country, must be vacated and dissolved. This court does not have jurisdiction to grant such relief.

To the extent Morrison seeks relief that does not challenge or affect the removal order, this court has putative federal question jurisdiction over such claims under 28 U.S.C. § 1331. However, it is not clear whether Morrison seeks any substantive relief other than an injunction staying execution of the removal order and her release from BICE custody. In her prayer for relief, she does not seek damages or any other injunctive relief. In short, it is unclear whether Morrison wishes to pursue her claims if they do not result in an injunction staying execution of the removal order. In light of this uncertainty, I will delay addressing the remaining grounds for dismissal asserted by the respondents until after Morrison has had an opportunity to indicate whether she wishes to pursue her petition.

## ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the respondents' Amended Motion to Dismiss Petition for Writ of Habeas Corpus [#11], filed September 12, 2005, is **GRANTED** in part;

5

2. That the petitioner's Verified Petition for Writ of Habeas Corups [#1], filed August 31, 2005, is **DISMISSED** for lack of jurisdiction to the extent the petitioner seeks review of the BICE removal order pending against her, or any form of relief that affects the validity or execution of the removal order;

3. That the court's Order Granting Applicant's Motion for Temporary Restraining Order [#4], filed August 31, 2005, is **VACATED AND DISSOLVED**;

4. That on or before **September 30, 2005**, the petitioner, Caroline Morrison, shall file with the court a brief statement indicating whether she wishes to prosecute the remaining claims asserted in her petition for writ of habeas corpus; and

5. That if the petitioner wishes to prosecute her claims, the court **SHALL ADDRESS** the remaining grounds for dismissal asserted by the respondents.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge