IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 05-cv-01684-REB-PAC

CAROLINE J. MORRISON,

      Applicant,

v.

DOUGLAS MAURER, Filed Director, Immigration and Customs Enforcement, DHS,
DEPARTMENT OF HOMELAND SECURITY, and
TWO UNNAMED ICE AGENTS,

      Respondents.

## ORDER GRANTING MOTION TO DISMISS

**Blackburn, J**

This matter is before me on the respondents' **Amended Motion to Dismiss Petition for Writ of Habeas Corpus** [#11], filed September 12, 2005. The applicant filed an amended response [#19], the respondents filed a reply [#21], and the applicant filed a sur-reply [#22]. I grant the motion as to the claims that remain pending in this case.

In an order [#25] filed September 29, 2005, I granted the amended motion to dismiss as to most of the claims for relief asserted in the applicant's petition for writ of habeas corpus. The applicant challenged in her petition an order of removal concerning the applicant. The applicant alleged that the Bureau of Immigration and Customs Enforcement (ICE) was about to execute the order of removal by removing the applicant from the United States. The applicant is a citizen of the United Kingdom. In my previous order, I dismissed all claims on which the applicant sought "any form of relief that affects the validity or execution of the removal order." *Order* [#25], filed September 29, 2005. I

dismissed those claims because I do not have jurisdiction to hear them. 8 U.S.C. § 1252(a)(5).

As directed by the court, the applicant filed a designation of claims [#28], filed September 30, 2005, in which she outlines claims that she wishes to prosecute and over which she asserts this court does have jurisdiction. I read the designation of claims as specifying two claims the applicant wishes to pursue in this case. First, she indicates that she would like to pursue a mandamus claim. She seeks to require the Department of Homeland Security to adjudicate her application for adjustment of status. Second, she would like to pursue a claim that ICE violated certain provisions of the Violence Against Women Act (VAWA) when investigating her immigration status. 8 U.S.C. § 1367. There has been no substantive activity in this case since the applicant filed her designation of claims on September 30, 2005, and the last filing in this case was made on December 18, 2006.

As I concluded in my previous order [#25], filed September 29, 2005, I do not have jurisdiction over either of the claims described in the applicant's designation of claims to the extent those claims may affect the validity or execution of the removal order concerning the applicant. To the extent resolution of these claims would not affect the validity or execution of the removal order, these claims are not proper bases for an application for a writ of habeas corpus. The applicant seeks habeas corpus relief under 28 U.S.C. § 2241. Claims under § 2241 are limited to claims that assert that the applicant is being held in custody by the government in violation of the applicant's legal rights. 28 U.S.C. § 2241(c); **see, e.g., Dry v. CFR Court of Indian Offenses for Choctaw Nation**, 168 F.3d 1207, 1208 (10th Cir. 1999) (person must satisfy the in custody requirement as a prerequisite to habeas corpus jurisdiction). If a claim does not directly challenge the legal

2

propriety of the applicant's custody, then the court does not have habeas corpus jurisdiction over the claim.

In this case, the applicant is or was being held in custody by ICE pending execution of the removal order. Her custody is or was part of the execution of the removal order. The applicant asserts that her claim seeking to require adjudication of her application for adjustment of status "has absolutely nothing to do with her order of removal or the efforts of ICE to carry out her [removal]." *Amended reply* [#19], filed September 14, 2005, p. 5. Similarly, the applicant's claim that ICE violated certain provisions of the VAWA when investigating her immigration status also is not a challenge to the propriety of her custody. Because the applicant's mandamus claim and VAWA claim are not a challenges to the propriety of her custody, I do not have habeas corpus jurisdiction over these claims, and they must be dismissed.

**THEREFORE, IT IS ORDERED** as follows:

1. That the respondents' Amended Motion to Dismiss Petition for Writ of Habeas Corpus [#11], filed September 12, 2005, is **GRANTED** as to both of the claims designated by the applicant in her designation of claims [#28], filed September 30, 2005;

2. That the petitioner's Verified Petition for Writ of Habeas Corpus [#1], filed August 31, 2005, is **DISMISSED** for lack of jurisdiction; and

3. That this case is **CLOSED**.

Dated July 14, 2008, at Denver, Colorado.

                                            **BY THE COURT:**

                                            **s/ Robert E. Blackburn**
                                            Robert E. Blackburn
                                            **United States District Judge**